IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

GARY IVY, )
 )
       Plaintiff, )
 )
vs. ) Case No. 16-3177-CV-S-ODS
 )
CAROLYN W. COLVIN, )
Commissioner of Social Security, )
 )
       Defendant. )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability insurance benefits and supplemental security income. The Commissioner's decision is affirmed.

**I. STANDARD OF REVIEW**

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1980 and has a high school education. R. at 22, 111, 148, 292. He applied for disability insurance benefits and supplemental security income on in August 2011, alleging a disability onset date of June 1, 2005. R. at 14-15, 42-43, 138, 292-96, 326-32. Plaintiff's application was denied, and he requested a hearing. On November 20, 2012, a hearing was held before an administrative law judge ("ALJ"). R. at 106-130. On December 22, 2014, the ALJ issued his decision, concluding Plaintiff became disabled on November 11, 2011, but was not disabled before that date. R. at 138-51. The ALJ determined Plaintiff was not disabled prior to December 31, 2010, the date last insured. *Id.* Plaintiff appealed the ALJ's decision to the Appeals Council, which remanded the matter. R. at 158-60. On September 25, 2014, another hearing was conducted. R. at 40-99. On January 20, 2015, the ALJ issued his decision, finding Plaintiff was not disabled. R. at 14-32.

In reaching his decision, the ALJ found Plaintiff had the following severe impairments: "degenerative disc disease of the cervical and lumbar spine and mental disorders variously diagnosed as depression, panic disorder, post traumatic stress disorder (PTSD), anxiety disorder, and adjustment disorder." R. at 17. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to lift forty pounds occasionally and twenty-five pounds frequently. R. at 21. Plaintiff has no limitation with regard to standing, walking, or sitting. *Id.* He can occasionally climb ramps and stairs, but can never climb ladders and scaffolds. *Id.* Plaintiff can stoop frequently, and can occasionally kneel, crouch, and crawl. *Id.* He can frequently push and pull with his arms and legs, and reach in all directions. *Id.* Plaintiff must avoid concentrated exposure to extreme cold and vibrations. *Id.* Plaintiff can understand, remember, and carry out simple instructions and non-detailed tasks; he can perform repetitive work; and can respond appropriately to supervisors and coworkers in a task-oriented setting where contact with others including the public is infrequent. *Id.* Based upon the RFC and the Vocational Expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a pillow filler and layup worker. R. at 31. Plaintiff appealed the ALJ's decision to the Appeals Council, which dismissed his appeal in March 2016. R. at 1-3.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because the ALJ's RFC was not properly formulated for three reasons. Doc. #7, at 24-34. First, the ALJ did not properly weigh the medical opinion evidence. Second, the ALJ failed to properly consider Plaintiff's pain when assessing the RFC. Third, the ALJ should have ordered a consultative examination.

### A. Treating Physician's Opinion

Plaintiff claims the ALJ erred in affording little weight to the opinion of Plaintiff's treating physician, Dr. Ball. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

In August 2011, Dr. Ball submitted a Medical Source Statement – Physical. R. at 611-12. Dr. Ball opined Plaintiff could lift and/or carry five pounds frequently, and lift and carry ten pounds occasionally. R. at 611. Dr. Ball found Plaintiff could only stand and/or walk continuously for less than fifteen minutes, and could stand and/or walk a maximum of two hours in an eight-hour day. *Id.* With regard to Plaintiff's ability to sit, Dr. Ball stated Plaintiff was limited to sitting continuously for thirty minutes, and was limited to sitting a total of two hours in an eight-hour day. *Id.* Plaintiff's ability to push and/or pull was limited. *Id.* Dr. Ball determined Plaintiff should never climb, stoop, kneel, crouch, or crawl, but could frequently balance, reach, handle, and finger. R. at 612. Plaintiff must also avoid certain environmental factors. *Id.*

In March 2013, Dr. Ball executed a Medical Source Statement – Mental. R. at 759-60. Therein, Dr. Ball opined Plaintiff was moderately limited with regard to the ability to (1) understand, remember, and carry out detailed instructions; (2) maintain attention and concentration for extended periods; and (3) sustain an ordinary routine without special supervision. R. at 759. Dr. Ball also stated Plaintiff was markedly

3

limited in his ability to (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and (2) complete a normal workday without interruption from psychologically based symptoms. R. at 759-60.

The ALJ assigned little weight to Dr. Ball's opinion pertaining to Plaintiff's physical and medical limitations because the evidence did not support the significant limitations set forth by Dr. Ball. R. at 28. With regard to the physical limitations set forth by Dr. Ball, the ALJ found Dr. Ball's opinion was inconsistent with Plaintiff's daily activities, the lack of significant treatment during the relevant time, and objective medical evidence. *Id.* With regard to the mental limitations set forth by Dr. Ball, the ALJ noted Dr. Ball was not a mental health specialist. *Id.* Additionally, the ALJ observed Dr. Ball occasionally prescribed medication to treat anxiety. *Id.* Further, Dr. Ball's notes do not reflect a mental health examination; they contain Plaintiff's subjective reports of some anxiety. *Id.* The ALJ also afforded little weight to Dr. Ball's opinion regarding Plaintiff's mental health limitations because his opinion was inconsistent with Plaintiff's sporadic treatment for anxiety and his daily activities. *Id.* Finally, the ALJ found Dr. Ball's opinion was likely an amalgamation of all of Plaintiff's limitations, not simply his mental impairments. *Id.*

The Court reviewed the record and finds substantial evidence supports the ALJ's decision to discount the opinion of Dr. Ball. The Court also finds the ALJ provided good reasons explaining the weight he afforded Dr. Ball's opinion. Dr. Ball's opinion was inconsistent with the medical evidence, including Dr. Ball's records (*see* R. at 618-30, 750-54), Plaintiff's daily activities, and Plaintiff's sporadic and/or less than significant treatment. In addition, the ALJ properly discounted Dr. Ball's opinion regarding Plaintiff mental limitations because Dr. Ball is not a mental health specialist. *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (citation omitted) (noting opinions outside the physician's field of expertise carry little weight). The Court also notes Dr. Ball executed the Medical Source Statements after the time period at issue – to wit, June 1, 2005, to December 31, 2010 – affording little assistance to the ALJ's determination of whether Plaintiff was disabled during that timeframe. Accordingly, the ALJ properly afforded Dr. Ball's opinion little weight. Thus, the Court affirms Defendant's decision in this respect.

## B. Plaintiff's Credibility

Plaintiff also contends the ALJ's RFC is deficient because the ALJ did not perform a proper credibility analysis of Plaintiff's subjective complaints, particularly with regard to pain. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322. The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

The ALJ properly analyzed Plaintiff's credibility. He found, and discussed at length, the objective medical evidence did not support the severity of Plaintiff's alleged

5

disabling symptoms and limitations. R. at 22-27.[1] The ALJ also determined Plaintiff's daily activities – including, but not limited to, taking care of his daughter, preparing meals, performing household chores, shopping, attending church, and enrolling in college – did not support his alleged disabling symptoms. R. at 25-26. With regard to Plaintiff's mental impairments, the ALJ noted Plaintiff's symptoms waxed and waned since 2005, and at least one physician opined Plaintiff's condition would not preclude work. R. at 24-25.

The ALJ acknowledged and considered the *Polaski* factors. R. at 21-27. The ALJ is not required to discuss each factor in turn, but must merely consider the *Polaski* factors. *See Eichelberger*, 390 F.3d at 590. To the extent Plaintiff argues the medical evidence could support a decision contrary to the ALJ's, the Court will not substitute its judgment for that of the ALJ. *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (stating "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). The Court finds the ALJ did not err in analyzing Plaintiff's credibility.

### C. Failure to Develop the Record

Finally, Plaintiff argues the record is insufficient to support the limitations set forth in the RFC, and the ALJ should have developed the record further with regard to his physical limitations. Plaintiff maintains the ALJ should have ordered a consultative examination to determine the extent of his limitations. While the ALJ is required to develop the record fully and fairly, the ALJ only must order a consultative examination when it is necessary to make an informed decision. *See Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) (citation omitted). The Court further finds the ALJ properly explained the bases for his RFC determination, and based upon the record, it is not necessary to obtain a consultative medical examination. It is also unclear as to what a consultative examination in 2017 would reveal about Plaintiff's condition during the applicable period of time, June 1, 2005, to December 31, 2010. Undoubtedly, it would not provide evidence of Plaintiff's physical limitations years ago.

---

[1] Plaintiff's reliance on medical reports from 2012 is misplaced because those reports do not pertain to the pain Plaintiff experienced during the relevant time period.

6

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

DATE: January 12, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT